IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STRATTON PEAY., | ) | |
| | ) | Civil Action No. 1:16-cv-00130 |
| Plaintiff, | ) | |
| | ) | District Judge Barbara Rothstein |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| CO SAGER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

I.     **RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute.

II.     **REPORT**

Following the grant of a motion to proceed in forma pauperis, the complaint in this matter was docketed on June 23, 2016. Service forms were received from plaintiff on July 14 and on July 21, 2016, the Court entered an Order directing the United States Marshal to serve the Complaint on Defendants by mail. ECF No. 8.

On February 7, 2017, Defendants For a More Definite Statement. ECF No. 21. This Motion was granted on February 13, 2017 and Plaintiff was advised via Order on that date that he was to amend his complaint within 21 days. ECF No. 23. This Order was mailed to the Plaintiff at his address of record. The Order also stated that if Plaintiff failed to comply, the

1

undersigned would recommend that this action be dismissed for his failure to prosecute. No Amended Complaint was received, so on April 7, 2017 the Court entered an Order to Show Cause why the case should not be dismissed for Plaintiff's failure to comply with the Feb. 13, 2017 Order. ECF No. 24. To date, nothing has been received from Plaintff.

A district court has inherent power to dismiss an action, *sua sponte*, under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."); Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). Furthermore, a court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. *See* Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by* Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors identified in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 868 (3d Cir. 1984), when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis, the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than

> dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis omitted). These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of these factors follows.

1. The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. The responsibility for his failure to properly respond to court orders is his alone.

2. Prejudice to the adversary.

In Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, the Defendants have a federal lawsuit pending against them with no opportunity to litigate it because Plaintiff is not responsive. The complaint filed is inadequate under the rules so there is no opportunity to proceed. Time continues to pass, resulting in the destruction or disappearance of evidence and the dimming of memory.

A history of dilatoriness.

It does not appear that Plaintiff has a history of dilatoriness other than his failure to respond to two court orders.

3. Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any excusable neglect. Two orders were entered giving Plaintiff an opportunity to respond. Thus, the conclusion that his failure is willful is inescapable.

4. <u>Alternative sanctions.</u>

Plaintiff is proceeding *in forma pauperis* so it is likely that any sanction imposing costs or fees upon him would be ineffective.

5. <u>Meritorious of the claim or defense.</u>

The Complaint is somewhat difficult to decipher, hence the grant of the Motion for a More Definite Statement. Many of the allegations refer to Plaintiff's 1996 murder case and the detective who worked on that case. It is not clear to the undersigned that Plaintiff has a meritorious claim. Therefore, this factor weighs in favor of dismissal.

To summarize, the majority of the <u>Poulis</u> factors weigh in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed.

## III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that this action be dismissed for Plaintiff's failure to prosecute.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Plaintiff's failure to file timely objections will constitute a waiver of his appellate rights.

Dated: May 31, 2017.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: **STRATTON PEAY**
   DP 4246
   SCI ALBION
   10745 RT 18
   ALBION, PA 16475